JESSE HASKELL vs. WILLIAM A. HASKELL & Trustee.

When the proportional shares of a fund, held by a trustee for four *cestuis que trust*, have been adjusted on a bill in equity brought against him by three of them, after the happening of the contingency on which the fund was to be paid to them, he may be compelled, by the trustee process, to pay the share of the other *cestui que trust* to his creditors.

ASSUMPSIT on the common money counts. The principal defendant was absent from the Commonwealth, and was defaulted.

Henry Codman, who was summoned as trustee of the principal defendant, set forth, in his answer, the documents inserted or described, and the facts stated, in the plaintiff's bill in equity against him, in the next preceding case, (*Haskell* v. *Codman, ante*, 536,) and which he had admitted in his answer to said bill. He stated that said bill was still pending against him, and that this court had decided that the plaintiff could recover nothing, under the assignment in that bill set forth, beyond the amount for which he had paid, and could prove that he had paid, an actual and equivalent consideration ; but that the question, whether he could recover even as much as he could prove the payment of an equivalent consideration for, was still open in said court. He further stated that he was unwilling to take the responsibility of paying over any part of the fund in his hands, except under the order and indemnity of a court capable of protecting him in so doing; and he submitted, that he could not be charged as trustee of William A. Haskell, in this process, and that he was not his trustee, except in a court of equity The conclusion of said Codman's answer was thus : " And this respondent, further answering, refers the court, with the plaintiff's consent and approbation, to the reported case of *Vincent* v. *Gorham & Trustee*, 3 Metcalf's Reports, 343d page, and to the files and proceedings of the suit in equity of *Benjamin Lincoln & others* v. *Codman*, in which the final decree was passed, by the supreme judicial court, in Norfolk county, February term 1843 ; and to the files and proceedings of the suit in equity now pend ing, in this county, between Jesse Haskell and said Codman ;

46 *

which are to be referred to, if there be any occasion, as a more full and accurate statement of facts by this respondent."

*E. Ames*, for the plaintiff.

*Codman*, for the trustee.

HUBBARD, J.   It is argued in this case, in behalf of the trustee, who seeks the protection of a judgment of this court, before parting with the trust property in his hands, that he received the trust property, on the death of John Amory, in 1832, charged with the payment of an annuity to the mother of the original *cestuis que trust ;* so that something more was to be done by him, than merely to pay over the fund and discharge himself of the trust; that during the life of the annuitant, the estate of the *cestuis que trust* was only equitable, and that her death will not convert it into a legal estate, so that an action at law could be maintained against him ; and if not, then this process ought not to be sustained ; and further, that as William A. Haskell, the principal defendant, may be now dead, the court will consider whether this equitable estate should not be retained, to allow his child to present his claim to have the fund secured for his benefit.

The suggestion is ingenious; but we are of opinion, that since the death of the annuitant, and after the respective rights of all the parties have been clearly settled in the suit in equity which was instituted against Mr. Codman by a part of the claimants of the fund, (viz. Edward Haskell, Joseph Bennett, and Benjamin Lincoln, administrator of Charles Haskell,) nothing now remains to be done, but to pay to William A. Haskell the sum ascertained to be due to him.

The original trust is determined, and a simple duty remains to be performed ; so that, if John Amory were now alive, an action at law might well be maintained against him by William A. Haskell, after a demand and refusal.   And Mr. Codman, who has come into possession of this fund, would be liable, we think, in like manner.   No part of the sum set apart to constitute a fund for the payment of the annuity to the mother of Lucy and Caroline Amory was ever the property of Caroline Amory   She had a right to the income merely, and a power

of appointment as to the principal, to take effect after her death.

This fund was not a legacy due from John Amory, and therefore Mr. Codman is not liable in his capacity of executor of Mr. Amory. Nor was it a part of the estate of Caroline Amory, so as to render him liable as her executor. But he received the fund in consequence of his accepting the trust of executor of Mr. Amory's will ; and he took it with notice of the trusts under which Mr. Amory held it. He was therefore equitably bound to execute those trusts, or to seek the appointment of a · new trustee. Considering the relationship which existed between the parties, and the nature of the trust, he thought best to execute it. This he has done, to the satisfaction of the *cestuis que trust*, and now nothing remains but to pay to William A. Haskell the amount justly due to him. The sum is ascertained ; the duty continues; and we are of opinion that he is chargeable, as the trustee of William A., in this suit, which is in the nature of a demand upon him ; and that, as William A. would not be turned round to a bill in equity, to enforce his right, this process may be sustained against Mr. Codman, as he stands in no other relation than a simple trustee. As such he is to be charged in this action ; but the execution will be, stayed until the plaintiff gives bond, pursuant to the Rev. Sts. *c*. 92, § 6, and a disposition is made of the suit in equity now pending,* in this court, between the same parties. The suggestion that William A. Haskell may have died abroad, and that his wife and child may, on the happening of that event, have an interest in the fund, affords no legal cause for withholding a judgment in this suit. The money in the trustee's hands would be liable for his debts before his child could claim any part of it ; and if an erroneous judgment is rendered, the bond to be given by the judgment creditor is intended for the protection of the party who may be aggrieved thereby.

[After this opinion was delivered, the plaintiff discontinued his bill in equity (*ante*, 536,) against the trustee.]

* The next preceding case of *Haskell* v *Codman*